GARMEADA COAL COMPANY, Appellant,

v.

Ballard Lee MARTIN, Appellee.

Court of Appeals of Kentucky.

Jan. 28, 1955.

James S. Greene, Jr., Harlan, for appellant.

A. E. Funk, Jr., Middlesboro, for appellee.

CLAY, Commissioner.

This is an appeal from a judgment reversing an order of the Workmen's Compensation Board. The Board had denied the claim of the employee on the ground he failed to sustain the burden of proving that he received an injury by accident arising out of and in the course of his employment. The question presented is whether or not there was competent evidence of probative value to support the finding of the Board.

See The Mengel Co. v. Lehman, Ky.1953, 259 S.W.2d 19.

The alleged accident occurred on December 13, 1951, and it subsequently developed that the employee had a ruptured intervertebral disc requiring an operation. Notice to the employer of the alleged accident and injury was not given until January 17, 1952.

The employee worked as a coal loader. He testified that on December 13 while loading slate his foot slipped and "a hurting come in my back". That evening he went to see a doctor, but returned to work the next day and loaded 15 tons of coal. That was the last day he worked. He returned to the doctor the following week, having been given no treatment in the meantime, and was subsequently referred to other doctors who finally diagnosed his complaint as a ruptured intervertebral disc.

The employee introduced as a witness the second doctor who had examined him on December 28. He testified that the employee did not complain of any specific injury, although he had told the doctor he worked pretty hard on December 13.

The employer introduced the other two doctors who had examined the employee and both of these denied that the employee had given them a history of any accident or any specific injury on December 13.

While the employee stated that he had an accident and suffered injury while loading coal on December 13, there is nothing else in the record to corroborate his story. On the other hand, the failure to report the accident for over a month after it was supposed to have occurred, and the failure to advise any of the three doctors who treated him of such an accident or of any specific injury occurring on that date constituted substantial circumstantial evidence that the injury did not arise out of and in the course of employment. This created an issue of fact for the Board to resolve.

We conclude there was sufficient evidence of substance before the Board to justify its finding that the employee, who

had the burden of establishing a compensable injury, failed to establish an essential element of his claim.

The judgment is reversed, with directions to affirm the order of the Board.